PHILLIP A. TALBERT
Acting United States Attorney
ALYSON A. BERG
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:21-MC-00067 |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $82,700.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On October 6, 2020, agents with the Department of Homeland Security, Homeland Security Investigations ("HSI") seized Approximately $82,700.00 in U.S. Currency (hereafter "Defendant Currency") as the result of a search warrant executed at Claimant's residence located on Bedford Avenue in Fresno, California.

2. HSI commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about May 5, 2021, HSI received a claim from Xishu Zhang asserting an ownership interest in the Defendant Currency.

3. The United States represents that it could show at a forfeiture trial that since at least 2017, Claimant owned and/or operated massage parlors, specifically Panda Massage, Sea Massage, Ocean Relaxing Station, and Tarpey Royal Spa in Fresno, California.

///

4. The United States represents that it could show that the Claimant enticed, recruited, or obtained Chinese nationals to work at the massage businesses she owned or operated, and that Claimant's business operations included promoting, managing, establishing, or carrying on and facilitating the promotion, management or establishing of an unlawful activity, namely prostitution and/or workers engaging in a commercial sex act while working at one of Claimant's massage parlors. Law enforcement cited the masseuses for prostitution and the Claimant for Municipal Code violations for operating a massage business on several occasions prior to the seizure of the Defendant Currency.

5. The United States represents that it could show that in 2017, Claimant's business permit number M-1521 to operate Panda Massage and Sea Massage was revoked because undercover operations conducted by the Fresno Police Department revealed that Claimant's workers at Panda Massage and/or Sea Massage solicited commercial sexual acts to customers for money. During an inspection conducted at both locations, law enforcement located condoms hidden in pink Thermoses found at both locations.

6. The United States represents that it could show that the Claimant enticed, recruited, or obtained Chinese nationals to work at the massage businesses she owned or operated with the knowledge or intent that the work included engaging in commercial sex acts by the workers as masseuses for the Claimant's financial benefit. For example, during an interview with one of Claimant's workers on October 6, 2020, the worker explained that she heard about Tarpey Royal Spa through the Claimant whom she met on "WeChat." The worker explained that Claimant, known to the worker as "Coco," told the worker that the worker could keep all of the tips, and the more the worker did, the more tips the worker would make. The worker stated that Coco was more than likely aware of the sexual acts being performed by the workers at the spa. The worker went on to say that the spa charged $40 for a half hour massage and $60 for a one-hour massage. For a half hour massage, the worker received $10, and $20 for the one-hour massage, in addition to any tips made. The rest of the money goes to the spa.

7. The United States represents that it could show that during the investigation, undercover operations conducted by the Fresno Police Department revealed that Claimant's business operations included promoting, managing, establishing, or carrying on and facilitating the promotion,

management and establishing of an unlawful activity, namely prostitution for which the masseuses working at Tarpey Royal Spa solicited or engaged in commercial sexual acts to their customers for money, with the prices for commercial sex acts ranging from $100 to $120.

8. The United States represents that it could show that Claimant's operations included recruiting, enticing, transporting, or obtaining Chinese nationals to travel to Fresno or Clovis to work at the massage businesses that she owned or operated, the use of cellphones to maintain her business operations, and the business operations included using online payments for massage services that included commercial sexual acts for customers for the Claimant's financial benefit.

9. The United States represents that it could further show that in March 2020, Claimant used "WeChat," a Chinese based social media communication application to list Ocean Relaxing Station for sale. A buyer contacted Claimant as a result of the "WeChat" listing and later purchased Ocean Relaxing Station from Claimant for $60,000, which according to the investigation, Claimant opened for the purpose of promoting, managing, establishing or carrying on and facilitating the promotion, management and establishing of an unlawful activity, prostitution under the guise of legitimate massage parlor business operations.

10. The United States represents that it could show that the investigation determined that the Claimant was owning and/or operating massage parlors that included workers soliciting commercial sexual acts for which customers primarily paid for these services in cash, and that the Claimant collected the monies from the workers' services approximately every day for her financial benefit.

11. The United States represents that it could show that during the execution of a lawfully issued search warrant at the Claimant's residence, the search resulted in the seizure of the Defendant Currency as well as other items relating to the operation of the massage parlors.

12. The United States could further show at a forfeiture trial that the Defendant Currency is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

13. Without admitting the truth of the factual assertions contained in this stipulation, Claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Claimant agrees that an adequate factual basis exists to support forfeiture

of the Defendant Currency. Xishu Zhang hereby acknowledges that she is the sole owner of the Defendant Currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the Defendant Currency, Claimant shall hold harmless and indemnify the United States, as set forth below.

14. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

15. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the Defendant Currency was seized.

16. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $74,700.00 of the Approximately $82,700.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $8,000.00 of the Approximately $82,700.00 in U.S. Currency shall be returned to claimant Xishu Zhang through her attorney, Samuel E. Tyre.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the Defendant Currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant Xishu Zhang waved the provisions of California Civil Code § 1542.

5. No portion of this stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described Defendant Currency.

IT IS SO ORDERED.

Dated: __**September 20, 2021**__        _____
                                          UNITED STATES DISTRICT JUDGE